UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIRAM E. SUMMERS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ARNOLD ERIC,<br><br>　　　　　Respondent. | Case No. CV 16-5570 DOC(JC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |

### I.   SUMMARY

On July 26, 2016, petitioner Hiram Summers ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Current Federal Petition") with multiple attached exhibits. Petitioner, in response to the Order Directing Petitioner to Clarify Judgment Challenged in Petition for Writ of Habeas Corpus, has clarified that the Current Federal Petition challenges petitioner's conviction in Los Angeles County Superior Court Case No. BA260968 ("State Case").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because

petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PROCEDURAL HISTORY[2]

### A. The State Case

#### 1. Conviction and Sentence

On July 8, 2004, in the State Case, a Los Angeles County Superior Court ("LASC") jury convicted petitioner of first degree murder and found that in the commission of the offense, petitioner personally and intentionally discharged a firearm, a rifle, which proximately caused great bodily injury and death to the victim, Leavar Williams. On July 15, 2004, the trial court sentenced petitioner to fifty years to life in state prison.

#### 2. Direct Appeal

On November 28, 2005, the California Court of Appeal, Second Appellate District, affirmed the judgment in a reasoned decision in Case No. B176847. On

///

---

[1]Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2]The procedural history set forth in this section is derived from the Current Federal Petition and supporting documents, public dockets and court records in the referenced cases of the California Court of Appeal, Second Appellate District and the California Supreme Court (accessible via http://appellatecases.courtinfo.ca.gov) of which this Court takes judicial notice, and the public docket and court records in the following Central District of California ("CDCA") case of which this Court takes judicial notice: Hiram Summers v. A. Malfi, CDCA Case No. CV 07-1027 DOC(JC) ("First Federal Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

February 8, 2006, the California Supreme Court denied review in Case No. S140141.

### 3. State Collateral Review

Petitioner thereafter collaterally challenged the judgment in the State Case via petitions for a writ of habeas corpus and petitions for a writ of error coram nobis filed in the LASC and the California Court of Appeal, Second Appellate District (Case Nos. B197057, B263684), and petitions for a writ of habeas corpus filed in the California Supreme Court (Case Nos. S151061, S162080). The California courts denied such petitions.

### B. First Federal Action

On February 14, 2007, petitioner filed a Petition for Writ of Habeas Corpus in the First Federal Action in which petitioner challenged the judgment in the State Case. On January 11, 2008, petitioner filed a First Amended Petition for Writ of Habeas Corpus in the First Federal Action ("Operative Prior Federal Petition") in which petitioner challenged the judgment in the State Case.[3] On July 28, 2010, this Court adopted the United States Magistrate Judge's Report and Recommendation recommending denial of the Operative Prior Federal Petition on the merits and dismissal with prejudice. On August 2, 2010, judgment was enter dismissing the Operative Prior Federal Petition with prejudice. This Court further denied petitioner a certificate of appealability. Petitioner did not appeal.

---

[3]Even though petitioner, in the Operative Prior Federal Petition, to some degree confused the case numbers assigned at different levels of state review, it was apparent that he challenged the judgment in the State Case therein. More specifically, in the location which called for the case number of the conviction on which the Operative Prior Federal Petition was based, petitioner referenced the case number for the California Court of Appeal case affirming the judgment in the State Case on direct appeal (*i.e.*, Case No. B176847) instead of the LASC case number for the State Case (*i.e.*, BA260968). Relatedly, in the locations of the Operative Prior Federal Petition which called for the case numbers of the California Court of Appeal and California Supreme Court cases affirming the judgment in the State Case, petitioner referenced the LASC case number for the State Case (*i.e.*, BA260968).

### C. Current Federal Petition

As noted above, on July 26, 2016, petitioner filed the Current Federal Petition. As the Current Federal Petition contains inconsistent information as to the state judgment it is intended to challenge (*e.g.*, in one location it purports to challenge a judgment in LASC Case No. BA260964, but in another location it asks the Court vacate/set aside the judgment in LASC Case No. BA260968 (*i.e.*, the State Case), the Magistrate Judge, on July 27, 2016, issued an Order Directing Petitioner to Clarify Judgment Challenged in Petition for Writ of Habeas Corpus. On August 5, 2016, petitioner filed a document captioned "Motion Clarifying Challenge Conviction of Case No. # BA260968," effectively clarifying that the Current Federal Petition is intended to challenge the judgment in the State Case – the same judgment challenged in the First Federal Action. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[4]

### III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270,

---

[4] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

1274 (9th Cir. 2001) (per curiam) (citing <u>United States v. Allen</u>, 157 F.3d 661, 664 (9th Cir. 1998)), <u>cert. denied</u>, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense.  <u>Nevius v. McDaniel</u>, 104 F.3d 1120, 1120-21 (9th Cir. 1997); <u>Nevius v. McDaniel</u>, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits.  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); <u>but see</u> <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); <u>Henderson v. Lampert</u>, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), <u>cert. denied</u>, 546 U.S. 884 (2005); <u>Plaut v. Spendthrift Farm, Inc.</u>, 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

5

The Operative Prior Federal Petition in the First Federal Action was denied on its merits – not for a technical or procedural reason. Accordingly, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

**IV.   ORDER**

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice. The Clerk of the Court is directed to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

IT IS SO ORDERED.

DATED:  August 16, 2016

_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE